IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 27, 2009 Session

## STATE OF TENNESSEE v. DENNIS BURNETT

**Appeal from the Criminal Court for Monroe County**
**No. 04-098     Carroll L. Ross, Judge**

**No. E2007-02258-CCA-MR3-CD - Filed August 17, 2009**

JAMES CURWOOD WITT, JR., J., concurring.

I concur in the result reached by the majority; however, I depart slightly from the majority's chosen pathway to those results. Specifically, I would hold that the issues raised on appeal were precluded by the absence of a timely motion for new trial rather than by their absence from such a motion.

The "motion" for new trial was filed within the 30-day time limit; however, the "motion" alleged no ground for a new trial. No amendment was filed within the 30-day time limit to state grounds for a new trial.

To be sure, Tennessee Rule of Criminal Procedure 33(b) provides that the trial "court shall liberally grant motions to amend the motion for new trial until the day of the hearing on the motion for a new trial." *See* Tenn. R. Crim. P. 33(b). This provision, however, avails only the defendant who has filed a "motion" and done so in a timely manner. "A motion shall state . . . with particularity the grounds on which it is made . . . ." Tenn. R. Crim. P. 47(c)(1). In my view, the putative motion for new trial filed by the defendant was ineffectual because it stated no grounds for relief. In this situation, no motion existed for subsequent amendment, for the trial court's adjudication, or for appellate review.

All in all, however, this interpretation of the post-judgment actions in this case leads only to appellate consideration of plain error, which we have duly accorded the defendant in the majority opinion.

_____
JAMES CURWOOD WITT, JR., JUDGE